**HASBANI & LIGHT, P.C.**
Danielle P. Light, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Suite 1408
New York, New York 10123

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT LAGOON, LLC,<br><br>                Plaintiff,<br><br>  -against-<br><br>RANDY DODD, WELLS FARGO BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVUDUAL CAPACITY OR BANKING CAPACITY, BUT SOLEY AS TRUSTEE FOR SRMOF II 2011-1 TRUST,<br><br>                Defendants. | **COMPLAINT FOR A CIVIL CASE**<br><br>Case No. 18-6548 |

GREAT LAGOON, LLC ("Plaintiff"), by and through its attorneys Hasbani & Light, P.C., complains of RANDY DODD and WELLS FARGO BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVUDUAL CAPACITY OR BANKING CAPACITY, BUT SOLEY AS TRUSTEE FOR SRMOF II 2011-1 TRUST (collectively "Defendants"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1.    This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1501(4) to discharge a Mortgage dated June 6, 2007 and recorded in the Nassau County Clerk's Office on June 25, 2007 in Liber Book: M 32037 Pages: 326-344 (the

1

"Disputed Mortgage") securing the repayment of a note dated the same date for the principal sum of $700,000.00 against real property known as 264 Lagoon Drive W, Long Beach, New York 11561 (the "Subject Premises").

2. JP Morgan Mortgage Acquisition Corp. ("JP Morgan") sent an acceleration letter dated February 19, 2009 (the "Acceleration Letter") to the mortgagors accelerating the Disputed Mortgage demanding payment of the entire loan and triggering the statute of limitations. Based on the Acceleration Letter, the statute of limitations expired in March 26, 2015 (6 years and 35 days from the Acceleration Letter). As a result, the statute of limitations to foreclose on the Disputed Mortgage expired and the Disputed Mortgage must be discharged pursuant to RPAPL Section 1501(4).

## PARTIES

3. Plaintiff is a limited liability company organized under the laws of the State of Delaware. Plaintiff is a single-member Delaware limited liability company with its member residing in Florida.

4. Plaintiff is the owner of the Subject Premises.

5. Defendant Randy Dodd resides at the Subject Premises and is a citizen of New York.

6. Defendant Wells Fargo Bank National Association, not in its Individual Capacity or Banking Capacity, But Solely as Trustee for SRMOF II 2011-1 Trust, is the current assignee of the Disputed Mortgage. Wells Fargo Bank National Association is a California entity.

## JURISDICTION AND VENUE

7. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

## GENERAL ALLEGATIONS

9. On June 6, 2007, Richard Simmons and Eleanor Simmons (collectively the "Borrowers") executed a Mortgage in favor of Amnet Mortgage In Lieu Of True Corporate Name American Mortgage Network, Inc. which was recorded in the Nassau County Clerk's Office on June 25, 2007 in Liber Book: M 32037 Pages: 326-344 (the "Disputed Mortgage"). Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage. The Disputed Mortgage secures the repayment of a note dated the same date for the principal sum of $700,000.00 against real property known as 264 Lagoon Drive W, Long Beach, New York 11561 (the "Subject Premises").

10. The Disputed Mortgage was assigned to JP Morgan by an assignment of mortgage dated April 30, 2009 and recorded on May 20, 2009 in Liber: 33745 on Page 415. Attached hereto as **Exhibit B** is a true and correct copy of the JP Morgan assignment of mortgage.

11. On or about August 1, 2008, the Borrowers defaulted on the Disputed Mortgage.

12. Upon information and belief, on February 19, 2009, JP Morgan, through its servicing agent, mailed the Borrowers a letter requiring payment within thirty-five days of the Acceleration Letter. Attached hereto as **Exhibit C** is a true and correct copy of the Acceleration Letter.

3

13. JP Morgan then commenced a foreclosure action on May 27, 2009 bearing Index Number 10123/2009 (the "2009 Foreclosure Action"). The action was abandoned by JP Morgan. Attached hereto as **Exhibit D** is a true and correct copy of the Court's Docket.

14. JP Morgan then assigned the Disputed Mortgage to Wilmington Savings Fund Society FSB-trustee of the Primestar H Fund I Trust by assignment of mortgage dated June 28, 2013 and recorded on August 1, 2013 in Liber: 38976 on Page: 703. Attached hereto as **Exhibit E** are the remaining assignments of mortgage referenced in this paragraph. The Disputed Mortgage was subsequently assigned to Wilmington Savings Fund Society FSB-trustee of the Primestar F Fund I Trust on October 20, 2014. *See* **Exhibit E**. On March 20, 2015, the Disputed Mortgage was assigned to Selene Finance LP. *See* **Exhibit E**. On the same date, the Disputed Mortgage was assigned to Wells Fargo Bank National Association, Not in its Individual Capacity or Banking Capacity, But Solely as Trustee for SRMOF II 2011-1 Trust ("Wells Fargo"). *See* **Exhibit E**.

15. The statute of limitations to foreclose on the Loan expired on March 26, 2015. *See* CPLR § 213(4).

16. Almost two months later, on May 18, 2015, Wells Fargo commenced an action to foreclose the Disputed Mortgage in the Supreme Court for the State of New York, County of Nassau bearing Index Number 4572/2015 (the "2015 Foreclosure Action"). Attached hereto as **Exhibit F** is a true and correct copy of the Summons and Complaint.

17. Since the statute of limitations expired on March 26, 2015, the Disputed Mortgage must be discharged of record.

**CAUSES OF ACTION**

## DISCHARGE OF MORTGAGE

18. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

19. Pursuant to RPAPL § 1501 (4):

Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

20. An action to foreclose a mortgage is subject to a six-year statute of limitations. *See* CPLR § 213(4). Concerning mortgages payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due. Once a mortgage that is payable in installments is accelerated, the six-year statute of limitations begins to run on the entire mortgage debt. A foreclosure action is a point of acceleration of the note and mortgage.

21. Here, Defendant, JP Morgan Mortgage Acquisition Corp. ("JP Morgan") sent a notice demand payment by the Borrowers dated February 19, 2009 (the "Acceleration Letter") to the mortgagors accelerating the Disputed Mortgage demanding payment of the entire loan and triggering the statute of limitations.

22. Based on the Acceleration Letter, the statute of limitations expired in March 26, 2015 (6 years and 35 days from the Acceleration Letter).  See **Exhibit C** and CPLR § 213.

23. As a result, the Disputed Mortgage must be discharged pursuant to RPAPL § 1501(4).

24. That any estate or interest that Defendants ever had or claim to have had in the Subject Premises or in any part thereof in the Disputed Mortgage and Note are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

25. That none of the defendants are not infants or under any other disability.

26. That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, Great Lagoon, LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Defendants as follows:

1. Forever barring Defendants and every person or entity claiming under it from all claims to an estate or interest in the Subject Premises;

2. Directing the Nassau County Clerk o cancel and discharge of record the Disputed Mortgage;

3. Awarding Plaintiff Attorneys' Fees, Costs and Disbursements for this Action; and

4. For Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
         November 16, 2018

                                                        /s/ Danielle P. Light
                                                        Danielle P. Light, Esq.
                                                        *Counsel for Plaintiff*

6