UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT LAGOON, LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　-against-<br><br>RANDY DODD, WELLS FARGO BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST,<br><br>　　　　　　　　　　Defendant. | Case No. 2:18-cv-6548-SJF-GRB |

## MEMORANDUM OF LAW SUPPORTING DEFENDANT
## WELLS FARGO BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS

 

AKERMAN LLP
666 Fifth Avenue
20th Floor
New York, New York 10103
Attorneys *for Defendant*
*Wells Fargo Bank National Association, not*
*in its Individual Capacity, but solely as*
*Trustee for SRMOF II 2011-1 Trust*

December 21, 2018

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................................. 1

II.  RELEVANT HISTORY ........................................................................................................ 1

III. STANDARD OF REVIEW ................................................................................................... 2

IV.  ARGUMENT ......................................................................................................................... 3

V.   CONCLUSION ...................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**
*21st Mortg. Corp. v. Adames*, 153 A.D.3d 474, 60 N.Y.S.3d 198 (2d Dep't 2017) ...................... 6
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 2, 3
*Bank of Am., Nat'l Ass'n v. Luma*, 157 A.D.3d 1106, 69 N.Y.S.3d 170 (N.Y. App. Div. 3d Dep't 2018) ........................................................................................................................... 5, 7
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................. 2, 3
*CDR Creences S.A. v. Euro-American Lodging Corp.*, 43 A.D.3d 45, 837 N.Y.S.2d 33 (N.Y. App. Div. 1st Dep't 2007) ................................................................................................... 8
*Chase Mortg. Co. v. Fowler*, 280 A.D.2d 892, 721 N.Y.S.2d 184 (4th Dep't 2001) ................... 7
*Clayton Nat'l, Inc. v. Guldi*, 307 A.D.2d 982, 763 N.Y.S.2d 493 (N.Y. App. Div. 2d Dep't 2003) ............................................................................................................................................. 4
*Costa v. Deustche Bank Nat'l Trust Company*, 247 F. Supp. 3d 329 (S.D.N.Y. 2017) .................. 6
*Deutsche Bank Nat'l Trust Co. v Royal Blue Realty Holdings, Inc.*, 148 A.D.3d 529, 48 N.Y.S.3d 597 (N.Y. App. Div. 1st Dep't 2017) ....................................................................... 8
*Ditech Fin., LLC v. Corbett*, --- A.D.3d ---, 85 N.Y.S.3d 906 (N.Y. App. Div. 4th Dep't 2018) . 4, 7
*DLJ Mortg. Cap., Inc. v. Hirsh*, 161 A.D.3d 944, 78 N.Y.S.3d 160 (N.Y. App. Div. 2d Dep't 2018) ...................................................................................................................................... 5, 6
*Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011) ............................................................ 3
*FBP 250, LLC v. Wells Fargo Bank, Nat'l Ass'n*, 164 A.D.3d 1307, 85 N.Y.S.3d 177 (N.Y. App. Div. 2d Dep't 2018) ........................................................................................................ 5, 6
*Goldman Sachs Mortg. Co. v. Mares*, 135 A.D.3d 1121, 23 N.Y.S.3d 444 (N.Y. App. Div. 3d Dep't 2016) ............................................................................................................................. 7
*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ....................................................... 3
*Lavin v. Elmakiss*, 302 A.D.2d 638, 754 N.Y.S.2d 741 (N.Y. App. Div. 3d Dep't 2003) .............. 7
*Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344 (S.D.N.Y. 2014).... 3
*Milone v. US Bank Nat'l Ass'n*, 164 A.D.3d 145, 83 N.Y.S.3d 524 (N.Y. App. Div. 2d Dep't 2018) .............................................................................................................................. 5, 6, 8
*Mizrahi v. U.S. Bank Nat'l Ass'n*, 156 A.D.3d 617, 64 N.Y.S.3d 572 (N.Y. App. Div. 2d Dep't 2017) ....................................................................................................................................... 3
*Pidwell v. Duvall*, 28 A.D.3d 829, 815 N.Y.S.2d 754 (N.Y. App. Div. 3d Dep't 2006) ................ 7
*Plaia v. Safonte*, 45 A.D.3d 747, 847 N.Y.S.2d 101 (2d Dep't 2007) ......................................... 4
*Signature Bank v. Epstein*, 95 A.D.3d 1199, 945 N.Y.S.2d 347 (N.Y. App. Div. 2d Dep't 2012) 4
*Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114 (N.Y. App. Div. 2d Cir. 1994) ................... 5
*Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 943 N.Y.S.2d 540 (N.Y. App. Div. 2d Dep't 2012) ....................................................................................................................................... 4

**Rules**
Fed. R. Civ. P. 12.................................................................................................................. 1, 2, 3
Fed. R. Evid. 201 ........................................................................................................................ 3
N.Y.C.P.L.R. 213......................................................................................................................... 4

Defendant Wells Fargo Bank National Association, not in its Individual Capacity, but solely as Trustee for SRMOF II 2011-1 Trust (**Wells Fargo**) respectfully submits this memorandum of law supporting its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Great Lagoon, LLC's complaint, dated November 16, 2018.

## I.     INTRODUCTION

Plaintiff Great Lagoon, LLC, in a last ditch attempt to avoid an inevitable foreclosure, seeks to cancel Wells Fargo's valid lien on a property on a mistaken belief contractual default notices to the mortgagors constitute elections to accelerate the entire debt.  The overwhelming majority of New York State appellate decisions conclude otherwise.  The default notice sent to non-party mortgagors here, indicating Wells Fargo's predecessor "shall accelerate" the entire amount due under the subject loan, was merely an expression of a future intent and did not trigger New York's six-year statute of limitations.  The complaint does not state a claim upon which this Court could possibly grant relief and should be dismissed.

## II.    RELEVANT HISTORY

Non-parties Richard and Eleanor Simmons borrowed $700,000 on June 6, 2007, executing a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (**MERS**), as nominee for Amnet Mortgage in Lieu of True Corporate Name American Mortgage Network, Inc., which encumbers the property commonly known as 264 Lagoon Drive West in Lido Beach, New York, as security for repayment of that loan.  (Compl., Ex. A.)  The Simmons defaulted on their loan obligation on August 1, 2008 (*see* Fitzpatrick Dec. Ex. 2, ¶ 14), and EMC Mortgage Corp., the purported servicer of the loan, allegedly sent them a default notice on or about February 19, 2009 (the **2009 default notice**).  (Compl., Ex. C.)  Wells Fargo's predecessor filed a foreclosure action on May 27, 2009 (the **2009 foreclosure**) (Compl. ¶ 13), but discontinued on April 1, 2015, by its own motion.  (Fitzpatrick Dec., Ex. 1.)

264 Lagoon Dr Lido Beach LLC acquired title to the property by deed dated December 27, 2013, and recorded in the Nassau County Clerk's office on February 14, 2014. (*Id.*, Ex. 2 at Ex. K.)  Wells Fargo, through a series of assignments, is the recorded mortgagee. (Compl., Exs. B, E; Fitzpatrick Dec., Ex. 2, ¶¶ 7-11.)  Wells Fargo brought a second foreclosure action on May 18, 2015 (the **2015 foreclosure**), naming 264 Lagoon Dr Lido Beach LLC as a defendant. (Fitzpatrick Dec., Ex. 2.)  264 Lagoon Dr Lido Beach LLC, Arthur Randolph Dodd as "John Doe #1," and Ingrid Dodd as "Jane Doe #1" (the **Lagoon Defendants**) interposed a verified answer in the 2015 foreclosure on July 1, 2015, asserting eight affirmative defenses, but no defense based on the statute of limitations. (*Id.*, Ex. 3.)  The Lagoon Defendants have actively litigated the 2015 foreclosure, filing at least five motions. (*See id.*, Exs. 4, 5.)  In September 2018, the Lagoon Defendants moved to amend their answer to include a statute of limitations defense, and that motion remains pending. (*Id.*, Ex. 5.)

Great Lagoon acquired title to the property on or about October 10, 2018 (*id.*, Ex. 6), and commenced this action to discharge the mortgage, claiming the debt is time-barred because the 2009 default notice began the running of the statute of limitations and no action was commenced within six years.

### III.    STANDARD OF REVIEW

A complaint must be dismissed where it fails to allege facts sufficient to support the relief requested.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  While a complaint need not make "detailed factual allegations," it must contain more than mere "labels and conclusions or formulaic recitations of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).  A complaint with "'naked assertion[s]' devoid

2

of 'further factual enhancement'" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).  Where the complaint's factual allegations permit the Court to infer only a possible—but not a plausible—claim for relief, it fails to meet the minimum standard.  *Id*. at 679.

In assessing a motion to dismiss under Rule 12(b)(6), the Court must take as true the allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Fait v. Regions Fin. Corp.*, 655 F.3d 105, 109 (2d Cir. 2011).  Mere legal conclusions do not merit this regard, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In addressing a motion to dismiss, a court may consider matters of public record of which a Court may take judicial notice under Fed. R. Evid. 201.  *Kramer v. Time Warner, Inc*., 937 F.2d 767, 773-775 (2d Cir. 1991); *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 347-348 n.2 (S.D.N.Y. 2014).

### IV.    ARGUMENT

Great Lagoon misconceives how a mortgage loan is accelerated under New York law, and its single cause of action to cancel the mortgage is not viable.  Correctly applying the law, the pending 2015 foreclosure action was timely commenced.  The mortgage debt was accelerated no earlier than May 27, 2009, when the 2009 foreclosure complaint was filed.  Even if the loan debt was never decelerated, the current 2015 foreclosure action was filed on May 18, 2015, within six years of acceleration.  Where a timely foreclosure action is "pending and unresolved," a suit to cancel the mortgage as time-barred must be dismissed.  *Mizrahi v. U.S. Bank Nat'l Ass'n*, 156 A.D.3d 617, 618, 64 N.Y.S.3d 572 (N.Y. App. Div. 2d Dep't 2017).

The statute of limitations to enforce a mortgage is six years, running from either:  **(1)** the due date for each unpaid installment; **(2)** the time the mortgagee is entitled to demand full payment; or **(3)** as to the entire debt, the date the mortgage debt has been accelerated.

3

N.Y.C.P.L.R. 213(4); *Plaia v. Safonte*, 45 A.D.3d 747, 748, 847 N.Y.S.2d 101 (2d Dep't 2007). Great Lagoon here contends the expiration of the cure period in the 2009 default notice on March 26, 2009, accelerated the debt, and the 2015 foreclosure, commenced in May 2015 was untimely. (Compl. ¶ 12.)  This is wrong.  An action demanding the entire amount due under a mortgage is only effective when it is "clear and unequivocal."  *See Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982-83, 943 N.Y.S.2d 540 (N.Y. App. Div. 2d Dep't 2012).  At the earliest, the filing of the complaint in the 2009 foreclosure—not the 2009 default notice—accelerated the debt here,[1] as a result of which Great Lagoon cannot prevail as a matter of law.

The Simmons' mortgage required the lender, prior to accelerating the debt, to send the mortgagors a notice warning them that failure to cure the default under the mortgage could lead to acceleration of the debt and, ultimately, foreclose. (Compl., Ex. A., ¶ 22.)  This is a standard provision in most residential mortgages, and compliance is a condition precedent to a later effective acceleration of the debt under New York law.  *E.g.*, *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1201, 945 N.Y.S.2d 347 (N.Y. App. Div. 2d Dep't 2012).  After sending a contractual default notice, the mortgage debt is accelerated by the filing of complaint demanding the full amount due under the mortgage. *E.g.*, *Clayton Nat'l, Inc. v. Guldi*, 307 A.D.2d 982, 763 N.Y.S.2d 493 (N.Y. App. Div. 2d Dep't 2003).

New York State appellate courts have reviewed this same issue several times recently. The overwhelming majority of such decisions hold default notices expressing a lender's intention to accelerate a debt in the future are only a condition precedent to a later clear act of acceleration. *See, e.g., Ditech Fin., LLC v. Corbett*, --- A.D.3d ---, 85 N.Y.S.3d 906, 907 (N.Y. App. Div. 4th Dep't 2018); *FBP 250, LLC v. Wells Fargo Bank, Nat'l Ass'n*, 164 A.D.3d 1307, 1309, 85

---

[1] For purposes of this motion only, Wells Fargo concedes the subject loan was accelerated by commencing the 2009 foreclosure on May 27, 2009.  The 2015 foreclosure, filed May 18, 2015—less than six years later—was timely.

4

N.Y.S.3d 177 (N.Y. App. Div. 2d Dep't 2018); *Milone v. US Bank Nat'l Ass'n*, 164 A.D.3d 145, 152, 83 N.Y.S.3d 524 (N.Y. App. Div. 2d Dep't 2018); *DLJ Mortg. Cap., Inc. v. Hirsh*, 161 A.D.3d 944, 944, 78 N.Y.S.3d 160 (N.Y. App. Div. 2d Dep't 2018); *Bank of Am., Nat'l Ass'n v. Luma*, 157 A.D.3d 1106, 1107, 69 N.Y.S.3d 170 (N.Y. App. Div. 3d Dep't 2018).  Because the New York State Court of Appeals has not decided this point of law, a federal court must predict how it believes the Court of Appeals would resolve this issue.  *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (N.Y. App. Div. 2d Cir. 1994).  Here, the overwhelming authority mandates the conclusion that the Court of Appeals would hold the 2009 default notice did not, upon its expiration, accelerate the debt.

The Appellate Division, Second Department—the authority from which would be binding if this action were pending in state court—recently considered this issue in decisions issued this past August and September:  *FBP 250, LLC*, 164 A.D.3d at 1309; *Milone*, 164 A.D.3d at 152.  The plaintiff in *FBP*, like Great Lagoon, acquired title to the mortgaged property after the mortgagors defaulted.  164 A.D.3d at 1307.  The mortgagee previously initiated a foreclosure action, which was later dismissed for lack of standing, and FBP sought to discharge the mortgage as time-barred.  *Id.*  The mortgagee's loan servicer had previously mailed a notice of default to the mortgagor stating, in part:  "If the default is not cured on or before August 7, 2006, the mortgage payments *will be accelerated* with the full amount . . . becoming due and payable in full, and foreclosure proceedings will be initiated at that time."  *Id.* at 1308 (emphasis added).  Affirming denial of FBP's motion to amend the complaint, the Second Department held: "[I]t is clear from the record that FBP cannot establish that the notice of default letter was a clear and unequivocal acceleration of the mortgage.  The notice of default 'was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of

5

the mortgage's optional acceleration clause.'" *Id.* at 1309 (quoting *21st Mortg. Corp. v. Adames*, 153 A.D.3d 474, 475, 60 N.Y.S.3d 198 (2d Dep't 2017)) (internal citation omitted).

The plaintiff in *Milone* defaulted, and her loan servicer sent a letter advising "if a stated amount of delinquency and fees was not paid within 30 days, the circumstances *'will result' in the acceleration of [the] Mortgage Note*." 164 A.D.3d at 148 (emphasis added).  She also brought an action to discharge her mortgage debt, and the Second Department found the commencement of a foreclosure action—not the default notice—triggered the statute of limitations. *Id.* at 152-53.  The Second Department reasoned, in part, "[t]he language in the [default notice] . . . was merely an expression of future intent that fell short of actual acceleration.  The notice to the plaintiff was not clear and unequivocal, as future intentions may always be changed in the interim." *Id.* (internal citation omitted).

*FBP* and *Milone* echo prior Second Department decisions holding default notices expressing a future intent to accelerate a loan are not clear and unequivocal accelerations of the entire sums due.[2]  *See, e.g., Hirsh*, 161 A.D.3d at 944 ("We disagree with the defendants' contention that a May 2007 notice sent by DLJ accelerated the mortgage; that letter merely indicated that acceleration was a possible future event, and consequently it did not constitute an exercise of the mortgage's optional acceleration clause."); *21st Mortg. Corp.*, 153 A.D.3d at 475 ("Here, a notice of default dated December 13, 2006, sent to Adames prior to the commencement of the 2007 action, was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause.").

---

[2]  *Costa v. Deustche Bank Nat'l Trust Company*, 247 F. Supp. 3d 329 (S.D.N.Y. 2017), which interpreted New York State appellate decisions and concluded a letter stating failure to cure a default "*will* result in the acceleration of the sums secured by the above mortgage and sale of the mortgaged premises," accelerated the debt was decided March 30, 2017.  That the same decision would issue today given the express wording of notices at issue in *FBP* and *Milone* is unlikely.

6

The Third and Fourth Departments also follow this line of reasoning. In *Ditech*, decided November 16, 2018, the Fourth Department held a default notice "advis[ing] defendants of their default and of the lender's intention to accelerate the debt in the future if certain preconditions were not met, falls far short of providing clear and unequivocal notice to defendants that the entire mortgage debt was being accelerated. . . . [A] letter discussing acceleration as a possible future event does not constitute an exercise of the mortgage's optional acceleration clause." 85 N.Y.S.3d at 907. The Third Department, in *Pidwell v. Duvall*, 28 A.D.3d 829, 815 N.Y.S.2d 754 (N.Y. App. Div. 3d Dep't 2006), found a letter from the lender's attorney stating mortgagor's failure to make certain future payments would "result in the entire balance of said Note and Mortgage being called all due and payable[ ]" was "[a] letter discussing a possible future event [and] did not constitute an exercise of the first mortgage's optional acceleration clause." *Id.* at 831; *see also Luma*, 157 A.D.3d at 1107 (letter informing borrower counsel had been retained to exercise lender's rights and remedies under law, but which did not use the term "accelerate," did not trigger the statute of limitations); *Goldman Sachs Mortg. Co. v. Mares*, 135 A.D.3d 1121, 1122, 23 N.Y.S.3d 444 (N.Y. App. Div. 3d Dep't 2016) (letter stating failure to cure the default may result in acceleration did not provide clear and unequivocal notice of acceleration); *Chase Mortg. Co. v. Fowler*, 280 A.D.2d 892, 893, 721 N.Y.S.2d 184 (4th Dep't 2001) (default notice did not advise mortgagor "that all sums due under the note and mortgage were immediately due and payable" and precluded mortgagee from rejecting tender of payment); *cf Lavin v. Elmakiss*, 302 A.D.2d 638, 638-39, 754 N.Y.S.2d 741 (N.Y. App. Div. 3d Dep't 2003) (letter from mortgagee stating "it was accelerating the underlying debt" triggered the statute of limitations).

7

The 2009 default notice did not clearly and unequivocally accelerate the loan, but instead disclosed Wells Fargo's predecessor's intent to accelerate the loan in the future. It stated in part:

> This letter serves as further notice EMC Mortgage Corporation intends to enforce the provisions of the Note and Security Instrument. You must pay the full amount of the default of this loan by the thirty-fifth (35th) day from the date of this letter which is 03/26/2009 . . . If you do not pay the full amount of the default, we shall accelerate the entire sum of both principal and interest due and payable, and invoke any remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of this property.

(Compl., Ex. C.) Great Lagoon will likely attempt to distinguish the words "will" and "shall." This is absurd. The Oxford Dictionary defines both words, in part, as "[e]xpressing the future tense," and as "[e]xpressing a strong assertion or intention." It further defines "will" as "[e]xpressing inevitable events." If anything, use of the word "will"—which the Second Department expressly holds in this context does not create a clear and unequivocal acceleration—conveys an even stronger intent to accelerate.

Great Lagoon will also argue *Deutsche Bank Nat'l Trust Co. v Royal Blue Realty Holdings, Inc.*, 148 A.D.3d 529, 48 N.Y.S.3d 597 (N.Y. App. Div. 1st Dep't 2017), should control here. The First Department held a default notice stating the lender "will accelerate" the loan if the default was not cured within thirty days triggered acceleration when the borrower did not tender the amount due. *Id.* at 529. That decision contained no analysis and cited an earlier case, *CDR Creences S.A. v. Euro-American Lodging Corp.*, 43 A.D.3d 45, 837 N.Y.S.2d 33 (N.Y. App. Div. 1st Dep't 2007), which did not discuss default notices, and provides little insight here. The Second Department in *Milone*—which would control if Great Lagoon filed its complaint in state court—also expressly declined to follow the First Department's reasoning. 164 A.D.3d at 152.

Were the Court of Appeals to decide the issue, logic and overwhelming case law suggests it would side with the Second, Third, and Fourth Departments to find default notices—even

8

when they use words such as "will" and "shall"—do not, without more, operate to accelerate a mortgage loan.  The 2009 foreclosure—not the 2009 default notice—was a clear and unequivocal acceleration, which means the pending 2015 foreclosure, filed less than 6 years later, was timely commenced. Great Lagoon cannot prevail on its claim.

## V.     CONCLUSION

This Court should see this lawsuit for what it is:  a blatant attempt at forum shopping.  Great Lagoon should not be allowed to abuse diversity jurisdiction to impede an inevitable foreclosure.  The complaint falls short of stating a claim upon which this Court can grant relief and should be dismissed.

Dated:  December 21, 2018

**AKERMAN LLP**

By:   *s/ Kathleen R. Fitzpatrick*
Kathleen R. Fitzpatrick
Jordan M. Smith
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel:  212-880-3800
kathleen.fitzpatrick@akerman.com
jordan.smith@akerman.com
*Attorneys for Defendant*
*Wells Fargo Bank National*
*Association, not in its Individual*
*Capacity, but solely as Trustee for*
*SRMOF II 2011-1 Trust*